MALONEY v. HARDING.

Opinion delivered June 23, 1930.

June P. Wooten, for appellant.

William L. Baugh, Jr., and R. E. Wiley, for appellee.

HUMPHREYS, J. Appellee brought suit against appellant in the circuit court of Pulaski County, Third Division, under §§ 2453 and 2455 of Crawford & Moses' Digest for double the amount due upon a note for $800 executed on May 25, 1926, by appellant to appellee for borrowed money, which note bore interest at the rate of 8 per cent. per annum from date until paid. It was alleged in the complaint that appellant executed a mortgage of even date with the note to secure the payment of same upon the south half (S½) of northwest quarter section 25, township 1 south, range 12 west, in said county, which mortgage was never recorded, and subsequent to the execution thereof, said appellant conveyed said land to the Metropolitan Trust Company for a cash consideration of $1,000 with the intent to defraud, hinder and delay appellee in the collection of her debt. It was also alleged therein that appellee had the right to recover double the amount of the debt under said sections of the statute on account of the wrongful conduct of appellant in selling said real estate after mortgaging same to appellee.

Appellant filed an answer denying the material allegations of the complaint, and also filed a written offer on the day of the trial to confess judgment for $800, the face of the note with interest at the rate of 8 per cent. per annum from November 25, 1926, which offer appellee refused to accept.

The cause was submitted upon the pleadings and testimony introduced by appellee resulting in a verdict and consequent judgment in favor of appellee for $1,600 and interest at the rate of 8 per cent. per annum from November 25, 1926, amounting to $2,001.31 with 8 per cent. interest after the date of the judgment, from which is this appeal.

Appellant contends for a reversal of the judgment because the trial court refused, over his objection and exception, to instruct the jury that appellee was not entitled to recover the statutory damages from appellant. The sections which were made a basis for the recovery

of damages in double the amount of the notes sued on are as follows:

"Section 2453. Every person who shall be a party to any conveyance or assignment of any real estate, * * * with intent to * * * hinder, delay or defraud creditors or other persons, shall be deemed guilty of a misdemeanor," etc.

"Section 2455. Any person who shall violate any of the provisions of the two last preceding sections shall * * * pay to every person so by him injured or defrauded, by any of the means therein mentioned, double the damages sustained by him, to be recovered by proper action."

It was said in the case of *Daniel & Strauss* v. *Vaccaro,* 41 Ark. 316, that, in order "to maintain an action on § 1378 of Gantt's Digest (2453 Crawford & Moses' Digest) against a grantee in a fraudulent conveyance, the plaintiff creditor must prove: 1, that he has a just debt; 2, that his debtor has fraudulently transferred his property to the defendant; 3, that the property was liable to execution or attachment; 4, that the defendant has knowingly aided the debtor to defeat the right of his creditors, and, 5, the amount of the plaintiff's damages."

The facts in the instant case are undisputed. Appellant on May 25, 1926, executed his note to appellee for the sum of $800, due November 25, 1926, with interest at 8 per cent. On the same day he also executed to her as security his mortgage to the land described above. On May 7, 1928, said appellant deeded the said land to the Metropolitan Trust Company for a cash consideration of $1,000. The mortgage was never recorded. Some eight or nine months thereafter appellee retained the note, but turned the mortgage over for safe keeping to appellant, who was her lawyer and confidential adviser. She attempted to collect the note herself, but, failing, placed it in the hands of another attorney, William L. Baugh, Jr., for collection. Mr. Baugh presented the note for collection very often and demanded payment thereon and

finally demanded a return of the mortgage which appellant failed to deliver to him.

Under the construction placed upon § 2453 of Crawford & Moses' Digest in the case cited, before a recovery for double the amount of the debt can be had under the provisions of § 2455 of Crawford & Moses' Digest, it must appear that the debtor transferred his property with the intent to hinder, delay or defraud his creditors or other persons. The record in the instant case fails to show that appellant had such a purpose in mind on May 7, 1928, when he deeded the property in question to the Metropolitan Trust Company, as appellee did not attempt to prove by competent testimony that she could not have collected her note by execution or attachment out of other property owned by the appellant at the time of the transfer. It must have been shown that the effect of the conveyance was to denude himself of all his property, not leaving enough to pay his creditors, else he could not have defrauded appellee. A failure to make this proof by competent testimony entitled appellant to an instruction to the effect that appellee had no right to recover the penalty under the statute quoted. Appellant requested such an instruction, which was refused, over his objection and exception.

It is true, as argued by appellee, that the court submitted the question of appellant's solvency to the jury, but it was not a question for the jury to determine, as there was no evidence in the record upon which to submit such an issue.

The mere fact that appellant refused to pay the note when due or when demand was made for the same is insufficient to show that he was insolvent at the time he made the transfer to the Metropolitan Trust Company.

In view of the fact that the evidence was insufficient upon which to submit the question of appellant's insolvency to the jury, it is unnecessary to determine whether the declaration of the court in submitting said issue was a correct declaration of law.

On account of the error indicated the judgment is reversed and judgment is directed to be entered here upon the supersedeas bond for $800, together with interest thereon at the rate of 8 per cent. per annum from and after November 25, 1926.